# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| ROBERT SPURLOCK,<br>　　　　　　Appellant,<br><br>　　　v.<br><br>DEPARTMENT OF THE AIR FORCE,<br>　　　　　　Agency. | DOCKET NUMBER<br>CH-0752-13-0272-I-2<br><br><br>DATE: May 1, 2015 |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Robert Spurlock, Freeburg, Illinois, pro se.

Loren H. Duffy, Esquire, Scott Air Force Base, Illinois, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1　　The appellant has filed a petition for review of the initial decision, which affirmed his indefinite suspension. For the reasons discussed below, we GRANT the petition for review and REVERSE the initial decision. The indefinite suspension is NOT SUSTAINED.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

¶2          The appellant holds the position of Readiness Specialist.  *E.g.*, *Spurlock v. Department of the Air Force*, MSPB Docket No. CH-0752-13-0272-I-1, Initial Appeal File (IAF), Tab 7 at 5, 8.  On October 17, 2012, the agency notified the appellant that his access to classified information had been suspended based upon the initiation of an unfavorable administrative security file stemming from his failure to comply with requisite drug testing.  *Id*. at 15-16.  Subsequently, the agency proposed and then effectuated his indefinite suspension for failure to maintain a security clearance.  *Id*. at 5 (Standard Form 50 documenting the indefinite suspension, effective December 30, 2012), 8-10 (decision letter), 12-13 (proposal letter).

¶3          The appellant appealed his indefinite suspension to the Board.  IAF, Tab 1 at 5-6.  The administrative judge dismissed the appeal without prejudice in May 2013, to accommodate the appellant's recuperation from a medical issue.  IAF, Tab 13 at 1-2.  In August 2013, the appellant timely refiled his appeal.  Refiled Appeal File (RAF), Tab 1.

           Without holding the requested hearing, the administrative judge affirmed the appellant's indefinite suspension.[2]  ID at 1-2.  The appellant has filed a petition for review.[3]  Petition for Review (PFR) File, Tabs 1, 3.  The agency has

---

[2] Although the appellant requested a hearing below, IAF, Tab 1 at 2, the administrative judge concluded that a hearing was not necessary because there were no material facts in dispute, RAF, Tab 28, Initial Decision (ID) at 1-2.  In doing so, the administrative judge erred.  *See Crispin v. Department of Commerce*, 732 F.2d 919, 922 (Fed. Cir. 1984) (the Merit Systems Protection Board does not have available to it a summary judgment proceeding; rather, 5 U.S.C. § 7701(a)(1) provides that appellants have the right to a hearing); *see also Muyco v. Office of Personnel Management*, 114 M.S.P.R. 694, ¶ 14 (2010) (if there is no dispute of material fact and the outcome of the appeal is a matter of law, the hearing required under 5 U.S.C. § 7701(a)(1) may be limited to an opportunity to present oral argument on the dispositive legal issue).  Nevertheless, remand to provide the appellant his requested hearing is unnecessary because his indefinite suspension cannot be sustained.

[3] The appellant submitted a pleading within the allotted time for filing a petition for review.  *Compare* ID at 4 (noting the November 19, 2014 deadline for filing a petition

filed a response, and the appellant replied.[4][5]  PFR File, Tabs 6-7.

¶4      The appellant's petition for review asserts that the agency committed harmful error.  PFR File, Tab 1 at 4.  Although the appellant provided no substantive argument as to how the agency committed harmful error, we have construed his pleading liberally.  *See Melnick v. Department of Housing & Urban*

---

for review), *with* Petition for Review File, Tab 1 (pleading dated November 5, 2014). However, the pleading consisted of an initial appeal form, along with change of contact information and reference to harmful error, without any mention of the initial decision. *Id*.  The Clerk of the Board notified the appellant that his intentions were unclear and that he should respond by December 17, 2014, if he wished the filing to be construed as a petition for review.  PFR File, Tab 2 at 1.  The appellant responded on December 18, 2014, at 12:11 a.m. local time, 11 minutes after the deadline for doing so.  PFR File, Tab 3 at 5 (electronic pleading time stamped 1:11 a.m. Eastern Time); *see generally* 5 C.F.R. § 1201.14(m)(1) (pleadings filed via e-Appeal are time stamped with Eastern Time, but timeliness is determined based upon the time zone from which it was submitted).  Because his initial pleading was timely, his confirmation that the pleading was intended as a petition for review was only 11 minutes late, and he is proceeding pro se, we have construed the appellant's November 5, 2014 filing as a timely petition for review.

[4] The appellant's reply contains new arguments regarding issues that were not raised in the agency's response.  *Compare* PFR File, Tab 6 at 6-7 (the agency's response, asserting that the appellant's petition was untimely and that it contained no substantive argument), *with* PFR File, Tab 7 at 5-7 (the appellant's reply, alleging, inter alia, that the agency violated the Fair Labor Standards Act, improperly released his private information in equal employment opportunity documents, mishandled his medical documentation, and pressured an individual to retire early).  However, our regulations provide that "[a] reply to a response to a petition for review is limited to the factual and legal issues raised by another party in the response to the petition for review." 5 C.F.R. § 1201.114(a)(4).  A reply "may not raise new allegations of error."  *Id.* Accordingly, we have considered the appellant's reply only to the extent that it addresses the issues included in the agency's response.  *See Chavez v. Department of Veterans Affairs*, 120 M.S.P.R. 285, ¶ 16, n.4 (2013).

[5] On April 30, 2015, the appellant filed a motion for leave to submit additional evidence and argument.  PFR File, Tab 8.  The appellant alleged that the agency violated its own policies and that "the appellant has NEVER been afforded an opportunity to review the material relied on to support the loss of his security clearance and Indefinite Suspension without Pay—Non-Disciplinary."  *Id.* (emphasis in original).  Because the Board herein cancels the appellant's indefinite suspension, we find it is not necessary to rule on his motion.

*Development*, 42 M.S.P.R. 93, 97 (1989) (a pro se appellant's pleadings are to be liberally construed), *aff'd*, 899 F.2d 1228 (Fed. Cir. 1990) (Table).

¶5        In an appeal of an adverse action based on the revocation of a security clearance, the Board is limited to reviewing whether: (1) the appellant's position required a security clearance; (2) the clearance was denied, revoked, or suspended; and (3) the appellant was provided with the procedural protections specified in 5 U.S.C. § 7513. *Ulep v. Department of the Army*, 120 M.S.P.R. 579, ¶ 4 (2014); *Schnedar v. Department of the Air Force*, 120 M.S.P.R. 516, ¶ 7 (2014). However, agencies also must comply with the procedures set forth in their own regulations. *See Ulep*, 120 M.S.P.R. 579, ¶ 4; *see also Schnedar*, 120 M.S.P.R. 516, ¶ 8. Under 5 U.S.C. § 7701(c)(2)(A), the Board may not sustain an adverse action decision if the employee can show "harmful error in the application of the agency's procedures in arriving at such decision." Accordingly, the Board may review whether the agency complied with its own procedures for taking an adverse action based on the revocation of a security clearance. *See Ulep*, 120 M.S.P.R. 579, ¶ 4; *see also Schnedar*, 120 M.S.P.R. 516, ¶ 8.

¶6        Below, the appellant suggested, inter alia, that the agency failed to provide him any opportunity to contest the suspension of his security clearance. *See* RAF, Tab 10 at 7-9, Tab 14 at 4-5. The agency did not dispute that the appellant had not yet been given any opportunity to contest the suspension of his clearance but instead argued that no such opportunity was required because his clearance was suspended rather than revoked or denied. RAF, Tab 13 at 6-11. We disagree.

¶7        The Department of Defense's (DoD's) regulations, codified at 32 C.F.R. part 154, subpart H, set forth agency-wide procedures for "unfavorable administrative action[s]" relating to personnel security. *Ulep*, 120 M.S.P.R. 579, ¶ 5. The term "unfavorable administrative action" is defined to include both an unfavorable personnel security determination and an adverse action taken as a

result of a personnel security determination. *Id*. (citing 32 C.F.R. § 154.3(bb)). With exceptions not relevant here, 32 C.F.R. § 154.56(b) provides that "no unfavorable administrative action shall be taken under the authority of this part" unless the individual concerned has been afforded the procedures set forth under that paragraph. *Ulep*, 120 M.S.P.R. 579, ¶ 5. Those procedural protections include: (1) a written statement of reasons for the unfavorable administrative action, signed by an adjudicatory official within the DoD component's designated Central Adjudication Facility; (2) an opportunity to reply in writing; (3) a written response to the reply, stating the final reasons therefor; and (4) an opportunity to appeal to a higher level authority designated by the component concerned. *Id.* (citing 32 C.F.R. § 154.56(b)); *cf. Schnedar*, 120 M.S.P.R. 516, ¶ 10 (interpreting parallel provisions of DoD regulation 5200.2-R).

¶8     Here, the agency undisputedly imposed an adverse action based on the suspension of the appellant's security clearance without providing any of the procedures set forth under 32 C.F.R. § 154.56(b). This was plainly harmful error for, if the agency had complied with its own regulations, it would not have imposed his indefinite suspension without first providing those procedural guarantees. *See Ulep*, 120 M.S.P.R. 579, ¶ 6; *see also Schnedar*, 120 M.S.P.R. 516, ¶ 12. Consequently, the indefinite suspension cannot be sustained, regardless of whether it otherwise would have promoted the efficiency of the service. *See* 5 U.S.C. § 7701(c)(2)(A); *see also Ulep*, 120 M.S.P.R. 579, ¶ 6; *Schnedar*, 120 M.S.P.R. 516, ¶ 12.

## ORDER

¶9     We ORDER the agency to cancel the December 30, 2012 indefinite suspension action. *See Kerr v. National Endowment for the Arts*, 726 F.2d 730 (Fed. Cir. 1984). The agency must complete this action no later than 20 days after the date of this decision.

¶10    We also ORDER the agency to pay the appellant the correct amount of back pay, interest on back pay, and other benefits under the Back Pay Act and/or Postal Service Regulations, as appropriate, no later than 60 calendar days after the date of this decision.  We ORDER the appellant to cooperate in good faith in the agency's efforts to calculate the amount of back pay, interest, and benefits due, and to provide all necessary information the agency requests to help it carry out the Board's Order.  If there is a dispute about the amount of back pay, interest due, and/or other benefits, we ORDER the agency to pay the appellant the undisputed amount no later than 60 calendar days after the date of this decision.

¶11    We further ORDER the agency to tell the appellant promptly in writing when it believes it has fully carried out the Board's Order and to describe the actions it took to carry out the Board's Order.  The appellant, if not notified, should ask the agency about its progress.  *See* 5 C.F.R. § 1201.181(b).

¶12    No later than 30 days after the agency tells the appellant that it has fully carried out the Board's Order, the appellant may file a petition for enforcement with the office that issued the initial decision in this appeal if the appellant believes that the agency did not fully carry out the Board's Order.  The petition should contain specific reasons why the appellant believes that the agency has not fully carried out the Board's Order, and should include the dates and results of any communications with the agency.  5 C.F.R. § 1201.182(a).

¶13    For agencies whose payroll is administered by either the National Finance Center of the Department of Agriculture (NFC) or the Defense Finance and Accounting Service (DFAS), two lists of the information and documentation necessary to process payments and adjustments resulting from a Board decision are attached.  The agency is ORDERED to timely provide DFAS or NFC with all documentation necessary to process payments and adjustments resulting from the Board's decision in accordance with the attached lists so that payment can be made within the 60–day period set forth above.

¶14　　This is the final decision of the Merit Systems Protection Board in this appeal.  Title 5 of the Code of Federal Regulations, section 1201.113(c) (5 C.F.R. § 1201.113(c)).

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request further review of this final decision.

Discrimination Claims:  Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC).  *See* Title 5 of the United States Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)).  If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.

Discrimination and Other Claims:  Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your

discrimination claims and your other claims in an appropriate United States district court. *See* 5 U.S.C. § 7703(b)(2). You must file your civil action with the district court no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.

|  | **DFAS CHECKLIST**<br><br>**INFORMATION REQUIRED BY DFAS IN ORDER TO PROCESS PAYMENTS AGREED UPON IN SETTLEMENT CASES OR AS ORDERED BY THE MERIT SYSTEMS PROTECTION BOARD** |
|---|---|

AS CHECKLIST: INFORMATION REQUIRED BY IN ORDER TO PROCESS PAYMENTS AGREED UPON IN SETTLEMENT CASES

## CIVILIAN PERSONNEL OFFICE MUST NOTIFY CIVILIAN PAYROLL OFFICE VIA COMMAND LETTER WITH THE FOLLOWING:

1. Statement if Unemployment Benefits are to be deducted, with dollar amount, address and POC to send.

2. Statement that employee was counseled concerning Health Benefits and TSP and the election forms if necessary.

3. Statement concerning entitlement to overtime, night differential, shift premium, Sunday Premium, etc, with number of hours and dates for each entitlement.

4. If Back Pay Settlement was prior to conversion to DCPS (Defense Civilian Pay System), a statement certifying any lump sum payment with number of hours and amount paid and/or any severance pay that was paid with dollar amount.

5. Statement if interest is payable with beginning date of accrual.

6. Corrected Time and Attendance if applicable.

## ATTACHMENTS TO THE LETTER SHOULD BE AS FOLLOWS:

1. Copy of Settlement Agreement and/or the MSPB Order.

2. Corrected or cancelled SF 50's.

3. Election forms for Health Benefits and/or TSP if applicable.

4. Statement certified to be accurate by the employee which includes:

a. Outside earnings with copies of W2's or statement from employer.
b. Statement that employee was ready, willing and able to work during the period.
c. Statement of erroneous payments employee received such as; lump sum leave, severance pay, VERA/VSIP, retirement annuity payments (if applicable) and if employee withdrew Retirement Funds.

5. If employee was unable to work during any or part of the period involved, certification of the type of leave to be charged and number of hours.



**NATIONAL FINANCE CENTER CHECKLIST FOR BACK PAY CASES**

Below is the information/documentation required by National Finance Center to process payments/adjustments agreed on in Back Pay Cases (settlements, restorations) or as ordered by the Merit Systems Protection Board, EEOC, and courts.

1. Initiate and submit AD-343 (Payroll/Action Request) with clear and concise information describing what to do in accordance with decision.

2. The following information must be included on AD-343 for Restoration:

    a. Employee name and social security number.
    b. Detailed explanation of request.
    c. Valid agency accounting.
    d. Authorized signature (Table 63)
    e. If interest is to be included.
    f. Check mailing address.
    g. Indicate if case is prior to conversion. Computations must be attached.
    h. Indicate the amount of Severance and Lump Sum Annual Leave Payment to be collected. (if applicable)

## Attachments to AD-343

1. Provide pay entitlement to include Overtime, Night Differential, Shift Premium, Sunday Premium, etc. with number of hours and dates for each entitlement. (if applicable)

2. Copies of SF-50's (Personnel Actions) or list of salary adjustments/changes and amounts.

3. Outside earnings documentation statement from agency.

4. If employee received retirement annuity or unemployment, provide amount and address to return monies.

5. Provide forms for FEGLI, FEHBA, or TSP deductions. (if applicable)

6. If employee was unable to work during any or part of the period involved, certification of the type of leave to be charged and number of hours.

7. If employee retires at end of Restoration Period, provide hours of Lump Sum Annual Leave to be paid.

NOTE: If prior to conversion, agency must attach Computation Worksheet by Pay Period and required data in 1-7 above.

The following information must be included on AD-343 for Settlement Cases: (Lump Sum Payment, Correction to Promotion, Wage Grade Increase, FLSA, etc.)

    a. Must provide same data as in 2, a-g above.
    b. Prior to conversion computation must be provided.
    c. Lump Sum amount of Settlement, and if taxable or non-taxable.

If you have any questions or require clarification on the above, please contact NFC's Payroll/Personnel Operations at 504-255-4630.